PEOPLE v. BROWN et al.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

1. FORGERY (§ 5*)—"FORGERY IN THE THIRD DEGREE"—NATURE OF OFFENSE.

Pen. Code, § 515, providing that a person who, with intent to defraud or conceal any misappropriation of money or property, either (1) alters or destroys an account, etc., belonging to the business of a corporation or partnership, or (2) makes a false entry in any such account, or (3) willfully omits to make true entry therein, is guilty of "forgery in the third degree." *Held*, that the essential element of the offense was an intent to defraud, or conceal a larceny, or misappropriation of money or property.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 5; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 3, pp. 2909, 2910; vol. 8, p. 7665.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. CRIMINAL LAW (§ 1186*)—APPEAL—ORDER OF REVERSAL—QUESTIONS OF FACT.

Where the reversal of a conviction in the Appellate Division is on the ground that the proof fails to establish the offense charged, the order of reversal cannot recite that the court has reviewed and considered all the questions of fact and finds no error therein; such a recital being proper only where the facts justify a conviction, but the judgment is reversed because of errors of law.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3215-3219 ; Dec. Dig. § 1186.*]

Louis Brown and another were convicted of third degree forgery, and a judgment of conviction was reversed by the Appellate Division, and defendants ordered discharged; and the district attorney thereafter made application to have a provision inserted in the order of reversal certifying that it was solely upon errors of law, and that the court reviewed all questions of fact and found no error. Application denied.

See, also, 125 N. Y. Supp. 793.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and CLARKE, JJ.

Robert C. Taylor, for the motion

Max Berg, opposed.

PER CURIAM. The district attorney wishes to have inserted in the order on this appeal a provision certifying that the reversal was solely upon errors of law, and not upon matters of fact or matters of discretion, and that the court has reviewed all questions of fact and finds no errors.

The defendants were convicted of forgery in the third degree, under section 515 of the Penal Code. The necessary element of that offense is an intent to defraud or conceal a larceny, or a misappropriation of money or property. We expressly held that the evidence failed to prove the crime charged under the statute relied upon, and reversed the judgment. Where the reversal is upon the ground that the proof fails to establish the crime charged, we cannot recite in the order that the court has reviewed and considered all the questions of fact in the case and finds no error therein; for the reversal was because the facts proved did not sustain the indictment and justify the conviction. Such an order can only be in a case where the facts would justify a conviction of the crime, but the judgment is reversed because of an exception which presents a question of law, or an act under which the defendants were convicted is unconstitutional, or for some other reason void.

Under the Constitution, a unanimous decision of the Appellate Division that the verdict is sustained by the evidence cannot be reviewed by the Court of Appeals, and therefore, if we inserted such a clause in the order, the Court of Appeals would, as I understand their decisions, reverse the order, unless there was some exception which presented an error of law. This has been before stated in denying motions to resettle orders; but, notwithstanding the position that this court has taken, the applications are renewed again and again. The court can

only affirm on the facts when the evidence sustains the verdict of the jury convicting of the crime charged. We cannot affirm on the facts when the evidence shows that no crime was committed.

The application is therefore denied.